■ WILLIAM DACHOWITZ, Appellant, v R. P. S. DEMOLITION AND WRECKING CO., INC., Respondent.—Appeal by plaintiff from an order of the Supreme Court, Kings County, dated December 1, 1975, which *inter alia* granted defendant's motion to vacate a default judgment entered in the same court on August 12, 1975. Order affirmed, with $50 costs and disbursements. Defendant's time to answer is extended until 20 days after entry of the order to be made hereon. In our opinion, Special Term did not abuse its discretion in permitting defendant to vacate its obviously inadvertent default (see *Schuyler v Board of Educ.,* 14 AD2d 468). Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.

■ FIRST COINVESTORS, INC., Appellant-Respondent, v PHILIP KAUFMAN et al., Respondents-Appellants, and NUMISMATIC EQUITIES, INC., Respondent. —In an action *inter alia* to permanently enjoin the defendants from using plaintiff's customer lists and for an accounting, (1) plaintiff appeals from so much of a judgment of the Supreme Court, Nassau County, entered September 19, 1975, as, after a nonjury trial, is in favor of defendants and against it and (2) defendants Kaufman and Feldman cross-appeal from so much of the said judgment as dismissed their counterclaim against the plaintiff. Judgment affirmed, without costs or disbursements. Under the facts herein, Special Term was warranted in reaching the conclusion that it did. Hopkins, Acting P. J., Margett, Damiani, Titone and Hawkins, JJ., concur.

■ FRED B. HOYER, Appellant, v IRVING ANKER, as Chancellor of the Board of Education of the City of New York, Respondent.—In a proceeding pursuant to CPLR article 78 to review respondent's determination, dated February 7, 1975, *inter alia,* that petitioner, a teacher, had proceeded improperly respecting a grievance regarding disruptive children, petitioner appeals (1) from a judgment of the Supreme Court, Kings County, dated October 20, 1975, which denied the application and dismissed the petition and (2) as limited by his brief, from so much of an order of the same court, dated January 30, 1976, as, upon reargument, adhered to the prior determination. Appeal from the judgment dismissed as academic, as it was superseded by the order made upon reargument. Order affirmed insofar as appealed from. Respondent is awarded one bill of $50 costs and disbursements to cover both appeals. As Special Term found in confirming respondent's determination, petitioner erred in not proceeding to Step 3 of the grievance procedure for a determination of "whether there has been a failure to comply with the procedural steps prescribed in the circular [respecting disruptive children]" (Bargaining Agreement, art XV). Petitioner's dispute was related to the principal's alleged failure to follow the procedural steps prescribed in the special circular on disruptive children. Petitioner was, therefore, specifically relegated to the procedure provided in article XV of the collective bargaining agreement for teacher grievances. Petitioner initially commenced the appropriate grievance procedure, and followed it through Step 2. He then requested, erroneously, that an appeals panel be convened under the provisions of the special circular. Such an appeals panel may be convened, pursuant to the circular, to deal with the substantive matter of the treatment of disruptive children; it has no jurisdiction, as respondent found, to determine "whether there has been a failure to comply with the procedural steps prescribed in the circular." Hopkins, Acting P. J., Margett, Damiani, Titone and Hawkins, JJ., concur.